UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: |
| Plaintiff, | ) |
| | ) IN ADMIRALTY |
| vs. | ) |
| | ) **VERIFIED COMPLAINT OF THE** |
| BETTY J. REES, formerly known as | ) **UNITED STATES** |
| BETTY J. WIGHT, | ) |
| | ) |
| Defendant. | ) |

Plaintiff, the United States of America, alleges upon information and belief as follows:

## GENERAL ALLEGATIONS

1. This is a case of admiralty and maritime jurisdiction against defendant BETTY J. REES (formerly known as BETTY J. WIGHT, and hereafter referred to as "BETTY J. REES" OR "Defendant"), an individual, as hereinafter more fully appears,

and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States expressly reserves the right to amend this Complaint to include, *inter alia*, additional claims and additional parties.

3. The United States is authorized to bring this suit pursuant to 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717.

4. Venue is properly in this Court pursuant to 28 U.S.C. §§ 1391, and 33 U.S.C. § 2717.

5. The United States also brings this action on behalf of the Oil Spill Liability Trust Fund ("Fund"), pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq.*, to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees.

6. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this Verified Complaint to assert any or all such subrogated rights and claims.

7. At all times material herein, the P/C MY BOAT (hereafter "MY BOAT" or "Vessel") was a vessel, *inter alia*, owned and operated in the United States and at all times material herein was within the jurisdiction of this Court, including at the time of the

incident that is the subject of this action.

8. Defendant BETTY J. REES, pursuant to information or belief, is a resident of Port Orchard, Washington. At all material times BETTY J. REES was within this district and within the jurisdiction of this Court, including, but not limited to, through ownership and operation of the MY BOAT at the time of, and with respect to, the matters sued upon herein.

9. At all times material herein, defendant BETTY J. REES owned the MY BOAT.

10. At all times material herein, defendant BETTY J. REES operated the MY BOAT.

11. At all times material herein, defendant BETTY J. REES managed the MY BOAT.

12. At all times material herein, defendant BETTY J. REES demise chartered the MY BOAT.

13. At all times material herein, defendant BETTY J. REES controlled the MY BOAT.

14. At all material times the MY BOAT was a "vessel" within the meaning of, *inter alia*, the OPA, 33 U.S.C. § 2701(37).

15. At all relevant times, the Vessel contained oil, as such term is defined under the OPA, 33 U.S.C. § 2701 *et seq.*

16. At all times material herein, and by reason of the matters alleged in this

Complaint, defendant BETTY J. REES is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq*.

17. The Vessel was a pleasure craft built in 1978 with twin 225 horsepower gasoline engines, and a fully-equipped electrical system that supported the refrigerator, hot water unit, lights, and bilge pumps.

18. On or about March 20, 2016, while docked at the Port Orchard Yacht Club, the Vessel caught fire, causing five vessels to sink and to collectively discharge approximately 2,000 gallons of oil and marine fuel into the Sinclair Inlet, which comprises navigable waters of the United States.

19. The United States Coast Guard Sector Puget Sound responded to the call at approximately 3:00 a.m. that a fire had broken out at the north end of the B dock of the Port Orchard Yacht Club's marina.

20. Sector Puget Sound arrived on scene, along with local firefighters and emergency responders. By approximately 5:00 a.m. the fire was extinguished. As a result of the fire aboard the Vessel, numerous vessels were damaged and five vessels sank, discharging approximately 2,000 gallons of oil and marine fuel into navigable waters of the United States.

21. The United States Coast Guard ("USCG") Federal On Scene Coordinator ("FOSC") established a Unified Command comprised, *inter alia*, of Federal and State representatives to deal with the discharge of oil and fuel.

22. Over the course of several weeks, responders boomed the area, skimmed oil

debris, and performed underwater fuel recovery operations. Divers were able to remove 125 gallons from two vessels, and the remaining fuel was determined to have discharged into the surrounding waters.

23. Under the FOSC's supervision, the owners of the various sunken vessels hired separate salvage contractors to raise and remove the vessels from the waterway. During the salvage operations, the FOSC kept the boom in place and monitored the progress.

24. As a result of investigation into the fire, the Vessel (MY BOAT) was identified as the source of the fire and resulting discharge(s).

25. Defendant BETTY J. REES failed to take action to respond to the incident and/or mitigate the discharge.

26. Under authority of the Clean Water Act, 33 U.S.C. § 1321 *et seq.*, the FOSC retained Global Diving and Salvage to conduct fuel removal and National Response Corporation Environmental Services to mitigate respond to the pollution incident and conduct removal operations.

27. The incident was proximately caused, *inter alia*, by the acts, omissions, strict liability, and violations of federal construction and/or operating and/or safety regulations by the Vessel, its owner, operator, demise charterer, agents, servants, employees, and others for whom Defendant was responsible, all within the privity and knowledge of Defendant.

28. As a direct and proximate result of the pollution removal and response

actions by and on behalf of plaintiff United States, in excess of $300,000 as expended by and from the Oil Spill Liability Trust Fund.

29. On July 15, 2017, and again on June 19, 2018, the United States Coast Guard, National Pollution Funds Center ("NPFC"), sent a bill to the Defendant for $301,269.53.

30. The United States has made demand upon the Defendant for reimbursement for all the outstanding response costs and damages owed by the Defendant as a result of the incident sued upon herein and said monies remain unpaid.

31. As a direct and proximate result of matters alleged in the Complaint, and as a result of the failure of Defendant to pay the full amount due and owing pertaining to pollution removal and response action, $301,269.53, or such amounts as may be proved at trial, remain due and owing to the United States, plus interest, administrative and adjudicative costs, disbursements, and statutory attorneys' fees recoverable under OPA, 33 U.S.C. § 2715.

## AS AND FOR A FIRST CAUSE OF ACTION

## OIL POLLUTION ACT OF 1990

32. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

33. Pursuant to the Oil Pollution Act of 1990, each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the

Act.

34. Pursuant to the Oil Pollution Act, defendant BETTY J. REES is liable to the United States of America for all such costs, damages, interest, and/or disbursements, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

### AS AND FOR A SECOND CAUSE OF ACTION
### OIL POLLUTION ACT OF 1990

35. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

36. Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims and causes of action of claimants to whom it has paid compensation.

37. As a result of the OPA Incidents described herein, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

38. Pursuant to the Oil Pollution Act, defendant BETTY J. REES is liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

### AS AND FOR A THIRD CAUSE OF ACTION
### OIL POLLUTION ACT OF 1990

39. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

40. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions against defendant BETTY J. REES that said defendant is liable for removal costs and damages in any such subsequent action or actions.

## AS AND FOR A FOURTH CAUSE OF ACTION
## 28 U.S.C. § 3001, *et seq*.

41. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

42. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant BETTY J. REES, in breach of law, including, but not limited to, in violation of the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq*., has, *inter alia*, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

43. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant BETTY J. REES, in breach of law, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign her assets, including real property, so as to prejudice and cause irreparable harm to the United States.

44. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be

established according to proof at trial.

45. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. As a result of the foregoing, defendant BETTY J. REES shall, pursuant to law and statute, be enjoined from further transferring, selling, spinning off, and assigning, or attempting to transfer, sell, spin off, and assign, their assets, including real property, so as to prejudice and cause irreparable harm to the United States.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (PRIORITY OF GOVERNMENT CLAIMS, 31 U.S.C. § 3713)

46. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

47. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant BETTY J. REES, in breach of law, has, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

48. Despite the liability, including strict liability, of defendant to the United States, all as alleged in this verified Complaint, on information and belief defendant BETTY J. REES, in breach of law, including, but not limited to, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign her assets, including proceeds of insurance, so as to prejudice and cause irreparable harm to the United

VERIFIED COMPLAINT 9 U.S. Department of Justice
Case No.: Torts Branch, Civil Division
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA 94102, (415) 436-6645

States.

49. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

50. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. Pursuant to law and statute, defendant BETTY J. REES and her officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on her behalf or with her authorization, are required to discharge their foregoing debt to the United States prior to discharging any other debt or payment.

51. To the extent that defendant BETTY J. REES, and/or her officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on her behalf or with her authorization, have discharged claims or debts to any other person or entity other than the United States, or in the future discharge claims or debts to any person or entity other than the United States in contravention of, inter alia, 31 U.S.C. § 3713, defendant BETTY J. REES, and/or her officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on her behalf or with her authorization, are liable to the United States for the amount of any such payments.

52. With respect to any payments in contravention of 31 U.S.C. § 3713, and pursuant to 31 U.S.C. § 3713(b), any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities making such payments are personally

liable to the United States for the amount of any such payments.

53. The United States reserves the right to amend this Complaint to add additional claims, causes of action, and parties, including, but not limited to, in their individual capacity, any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities who, in contravention of 31 U.S.C. § 3713(a) and (b), have already discharged, or in the future discharge claims or debts to any person or entity other than the United States.

**WHEREFORE**, the United States of America prays as follows:

1. That United States of America be granted judgment against BETTY J. REES, pursuant to the complaint of the United States herein;

2. That the United States of America be granted declaratory judgment against BETTY J. REES, for removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

3. The United States expressly reserves the right to amend this complaint to add parties and/or causes of action, as may be necessary;

4. For such other relief as the Court deems just and proper in the premises.

Dated: April 1, 2019        JOSEPH H. HUNT
                            Assistant Attorney General
                            R. MICHAEL UNDERHILL
                            Attorney in Charge
                            West Coast Office, Torts Branch, Civil Division

VERIFIED COMPLAINT                      11                     U.S. Department of Justice
Case No.:                                                      Torts Branch, Civil Division
                                                               450 Golden Gate Avenue, P.O. Box 36028
                                                               San Francisco, CA  94102, (415) 436-6645

U.S. Department of Justice

/s/ Vickey L. Quinn
VICKEY L. QUINN
Trial Attorney
West Coast Office, Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA  94102-3463
Phone: (415) 436-6645
Email: vickey.l.quinn@usdoj.gov


Of Counsel

HELKEI HEMMINGER
National Pollution Funds Center
United States Coast Guard

Attorneys for Plaintiff
United States of America

VERIFIED COMPLAINT
Case No.:

12

U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA  94102, (415) 436-6645

## **VERIFICATION**

Vickey L. Quinn says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf. I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: April 1, 2019                                  s/Vickey L. Quinn
                                                                   VICKEY L. QUINN

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b) County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c) Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: [Nature of Suit Code Descriptions](#).

**V.  Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) |
|---|---|
| *Plaintiff(s)* | ) ) ) ) ) ) |
| v. | ) Civil Action No. |
| *Defendant(s)* | ) ) ) ) ) ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: